IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 MAR 7 AM 10:25

DAVID ELLSWORTH DICK, )
  )
  Plaintiff, )
  )  Civil Action No.: 24-cv-0491-LKG
v. )
  )  Dated: March 6, 2024
WARDEN, )
  )
  Defendant. )
  )

## MEMORANDUM

On February 16, 2024, plaintiff David Ellsworth Dick, who is currently housed at Harford County Detention Center ("HCDC"), filed correspondence, which was construed by the Court as a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Dick failed to pay the Court's filing fee, or to file a Motion for Leave to Proceed in Forma Pauperis seeking its waiver. However, for the reasons which follow, Dick's Complaint will be dismissed so he will not be required to correct the oversight.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). In doing so here, the Court gives the Amended Complaint a liberal reading, construing all facts as true and in the light most favorable to Dick. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Dick's Complaint alleges that he is being "illegally committed and incarcerated at" HCDC. ECF No. 1 at 1. He appears to briefly detail his court appearances before Judge Mimi Cooper, his involvement in a court mental health program, and determinations regarding his competency to stand trial. *Id.* at 1-2. He contests that his name is David Ellsworth Dick, but his charging documents say David Ellsmorth Dick, and thus he is "not the person listed and [has] suffered for no reason." *Id.* at 2. He includes documents using the name David Ellsmorth Dick

(ECF Nos. 1-1, 1-2, and 1-3), along with a copy of his driver's license[1] (ECF No. 1) to demonstrate the discrepancy in his name. He states that he is "currently committed on a second bench warrant" for allegedly violating his probation by leaving the state. ECF No. 1 at 2. He appears to be seeking release or assistance with his pending criminal case. Dick does not directly name any Defendants in his pleading.[2]

The crux of Dick's Complaint alleges wrongs which occurred in the course of his criminal prosecution, and he appears to be seeking relief from his present detention stemming from that prosecution. To the extent Dick's criminal charges remain unadjudicated, this Court may not grant relief that "would interfere with '(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971). This Court will not interfere with Dick's pending state criminal case. *See United States v. South Carolina*, 720 F.3d at 527. For this reason, his case cannot proceed.

Further, Dick has failed to comply with the Federal Rules of Civil Procedure, which require that the complaint contain, at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v.*

---

[1] Dick's Complaint will be placed under seal by the Clerk, as it contains a complete copy of his driver's license. The First Amendment's right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (citation omitted). "[S]ensitive medical or personal identification information may be sealed," but not where "the scope of [the] request is too broad." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). Dick's Complaint will be dismissed, and this case will not proceed further, therefore sealing his private identifying information is appropriate in this circumstance.

[2] Dick also briefly alleges that in 2020 and 2021, he was housed at Clifton T. Perkins Psychiatric Hospital, where his "civil rights were violated on a daily basis." He provides no additional information about those alleged violations. These claims will be dismissed without prejudice, and Dick may pursue those claims in a separate action if he so chooses. Dick is reminded that if he chooses to pursue those claims, he should provide factual details about the alleged violations and clearly name the Defendants he seeks to hold responsible.

*Gibson*, 355 U.S. 41, 47 (1957)).  Dick has failed to clearly state any claim, or to identify any defendants, and thus his case cannot proceed.

A separate Order follows.

March 6, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge